UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Dolores Thomas | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-17-2715 |
| | § | |
| Nancy Berryhill, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

### 1. Introduction

Dolores Thomas brought this action for judicial review of the commissioner's final decision to deny her disability insurance benefits. The question is whether substantial evidence supports the commissioner's decision. Because it does not, the commissioner's final decision is reversed, and this case is remanded to the commissioner for further proceedings.

### 2. Background

Thomas applied for disability benefits on May 1, 2014, alleging she was disabled as of November 12, 2013. She claims to suffer from impairments that limit her ability to work, including migraine headaches and thyroid gland disorder. Thomas alleges she suffers from debilitating headaches several times per week, during which she cannot work.

Thomas has a high school education. She worked for many years as a nurse aide and an administrative assistant.

The hearing officer found that Thomas's migraine headaches and thyroid gland disorder are severe impairments. The hearing officer concluded that Thomas is not disabled because her impairments do not prevent her from performing her past work.

3. *Legal Framework*

    a. *Standard of Review*

This court's review is limited to determining whether the commissioner's decision is supported by substantial evidence and whether the correct legal standards were employed. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). The court "does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* "A decision is supported by substantial evidence if credible evidentiary choices or medical findings support the decision." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

    b. *Statutory and Regulatory Criteria*

The Social Security Act provides disability insurance benefits to people who have contributed to the program and have a physical or mental disability. *See* 42 U.S.C. § 423. It defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a sequential, five-step approach to determine whether the claimant is disabled. The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step. *Newton*, 209 F.3d at 455. First, a person who is working and engaging in substantial gainful activity is not disabled. Second, a person who does not have a severe impairment is not disabled. Third, a person whose severe impairments meet or equal an impairment in appendix 1 of the regulations is deemed disabled. The commissioner must determine the person's residual functional capacity ("RFC"), which is a determination of the most the claimant can still do despite her physical and mental limitations. The RFC is used in the fourth and fifth steps of the analysis to determine whether the claimant can perform past relevant work or any other work that is significant in the national economy.

4. *Analysis*

Thomas has not engaged in substantial gainful employment since her alleged onset date in 2013. The hearing officer found that Thomas has severe impairments from migraine headaches and thyroid gland disorder. Neither of those impairments meets one in the listings.

Before addressing the fourth and fifth steps in the sequential analysis, the hearing officer erred in determining Thomas's RFC. He found Thomas has the RFC to perform a full range of work at all exertional levels but cannot engage in jobs involving moving machinery or work at unprotected heights. The RFC does not include any breaks or off-task time to account for Thomas's migraine

3

headaches. Using that RFC, the hearing officer found at step four that Thomas could return to her past work and was therefore not disabled.

In determining the RFC, the hearing officer reviewed all the medical records submitted at the administrative level. The court's independent review of those records shows that Thomas consistently complained of migraine headaches. She was diagnosed with chronic migraine headaches and migraine headache disorder on April 17, 2014, by Dr. Ready. She complained at that time of having ten severe headaches per month and twenty moderate headaches per month. Dr. Ready prescribed Botox injections to treat the headaches. On July 24, 2014, Thomas reported five to six migraines in a three-month period and sixteen moderate headaches in that timeframe. She again received Botox injections. On November 18, 2015, Dr. Morgan treated Thomas at the Michigan State University Department of Neurology and Ophthalmology. Dr. Morgan noted Thomas was having daily migraine headaches and continued her on Botox and other drugs. Dr. Morgan saw Thomas again on February 3, 2016. While Thomas was improving, she still was experiencing fourteen to fifteen headaches in a thirty-day period. The medical records demonstrate that Thomas is generally healthy, except during her headaches.

Dr. Morgan, Thomas's treating physician, provided a medical source statement dated May 3, 2016. According to Dr. Morgan, Thomas is "capable of moderate stress–normal work," but would need to take three to four unscheduled breaks per week, each lasting one to two hours. The hearing officer credited Dr. Morgan's statement in part. He accepted that Thomas could perform normal

4

work but rejected that Thomas would need breaks of the stated frequency and duration.

In evaluating Dr. Morgan's medical source statement, the hearing officer committed reversible error. He rejected the opinion of the claimant's treating physician without performing the detailed six-factor analysis that is required by 20 C.F.R. § 404.1527(d)(2). *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000) (holding that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in" the regulation). The hearing officer did not consider that Dr. Morgan was Thomas's treating physician, or that Dr. Morgan is a specialist. No other evidence in the record refutes Dr. Morgan's opinion pertaining to the number and frequency of breaks Thomas would require.

Further, the hearing officer rejected Dr. Morgan's opinion because he found it to be "inconsistent with the medical evidence as a whole and contrary to [his] own statements and opinions." This finding is based on an incorrect reading of Dr. Morgan's statement. The hearing officer twice misquoted Dr. Morgan as saying that Thomas "required unscheduled breaks three to four times per day for at least one to two hours." Dr. Morgan said Thomas would need those breaks three to four times per week—a difference by a factor of five.

These errors are not harmless. Dr. Morgan's medical source statement was the only evidence Thomas presented to quantify her need for breaks and time off. Had the hearing officer properly considered Dr. Morgan's opinion, he may have

5

accepted it and adjusted the RFC to include several breaks per week. The VE testified that Thomas would be incapable of her past work if she could not be on-task for at least 85% of the time. Therefore, a proper evaluation of Dr. Morgan's statement may have changed the hearing officer's step-four finding. This case must be remanded so that the hearing officer can properly consider the evidence and complete the five-step process.

Signed on July 31, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge